UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET ASMAR and KEN LUKATCH,

    Plaintiffs,

v.

BENCHMARK LITERACY GROUP, INC.,         Case No. 04-70711
EAGLE LITERACY GROUP, INC., AMERICAN
FINANCIAL ACCESS, INC., and AMERICAN    Honorable Nancy G. Edmunds
FINANCIAL AVENUES, INC.

    Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION [112]**

Plaintiffs Janet Asmar and Ken Lukatch sued Defendants for violation of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, which prohibits Credit Repair Organizations from, among other things, pre-charging customers for services not yet performed. In an Order dated October 11, 2005, this Court granted Plaintiff's Motions for Summary Judgment as to liability.[1]

---

[1] The complex background to this case is explained in detail in the Court's October 11 Order.

Now before the Court is Plaintiffs' Motion for Class Action Certification.[2]  The first class, represented by Janet Asmar and called the "Asmar Class," would include

> all those persons who paid or were charged money or valuable consideration by, BLG [Benchmark Literacy Group] or its predecessor, American Financial Solutions, Inc. ("AFS"), prior to BLG or AFS performing any service related to improving any credit record, credit history, or credit rating or providing advice or assistance [with] regard to improving any credit record, credit history, or credit rating . . . .

(Br. of Pls. at 2.)  The second, represented by Ken Lukatch and called the "Lukatch Class," would include

> all those persons who paid or were charged money or valuable consideration by AFAccess [American Financial Access] or AFAvenues [American Financial Avenues], prior to AFAcess or AFAvenues performing any service related to improving any credit record, credit history, or credit rating or providing advice or assistance with regard to improving any credit record, credit history, or credit rating . . . .

(*Id.*)  Defendants contest class action certification.

Class certification is governed by Federal Rule of Civil Procedure 23(a), which sets out four prerequisites:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[2]Pursuant to a Protective Order filed October 13, 2005, by Magistrate Judge R. Steven Whalen (Doc. 99), Plaintiff's Motion and Defendant Benchmark's response are filed under seal.

In a letter dated December 27, 2005, counsel for Defendants American Financial Access, Inc., and American Financial Avenues, Inc., sent a letter to Plaintiffs' counsel stating, "I have no objections to your establishing a Class in the above action."  (Repl. Br. of Pls. as to Lukatch Class at Ex. A.)  Despite this assurance, these Defendnats proceeded to file a brief in opposition to class certification.  That brief is not sealed.

The four elements are met in this case.  First, each of the proposed classes consists of several hundred people, so joinder of all plaintiffs would be impracticable.[3]

Second, "there are questions of law or fact common to the class."  The proposed classes are unified by an identical question of law: relief under CROA for violations of 15 U.S.C. § 1679b(b), pursuant to Defendants' uniform business practices.  The Court has already resolved liability issues, leaving only questions about damages.  CROA provides a clear formula for damages calculations, which the Court is competent to apply to two classes of plaintiffs.[4]  The relevant facts are not in serious dispute.  Indeed, this Court resolved liability on Summary Judgment without making any significant factual determinations.  Defendants argue that these particular named plaintiffs are unsuitable class representatives because of their allegedly litigious motives in doing business with Defendants.  But Plaintiffs' motives are irrelevant to the questions of law common to all proposed class members.

---

[3]Pursuant to the October 13 Protective Order and Defendants' apparent desire to keep this specific information confidential, the Court will not disclose here the exact number of class members.  Suffice to say that numerosity--the most straightforward of Rule 23(a)'s four requirements--is easily met in this case.  (Br. of Pls. at Ex. 1, 2.)  In any event, Defendants do not contest this issue.  (Br. of Def. Benchmark at 3.)

[4]Actual damages are defined as the "greater of (A) the amount of any actual damage sustained by such person as a result of such failure; or (B) any amount paid by the person to the credit repair organization." 15 U.S.C. § 1679g(1).  In a class action, punitive damages are calculated as the sum of "(i) the aggregate of the amount which the court may allow for each named plaintiff; and  (ii) the aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery." 15 U.S.C. § 1679g(2)(B).

Defendants make similar arguments as to the typicality requirement. Their arguments, however, are similarly unavailing.

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

*In re American Medical Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 3-13, at 3-76 (3d ed. 1992)). Plaintiffs' claims unquestionably "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and . . . are based on the same legal theory." *Id.* Thus, Plaintiffs satisfy the typicality element.[5]

---

[5] At oral argument, Defendant Benchmark provided the Court with a recent case addressing a similar issue. In *Iosello v. Lawrence*, 2005 WL 2007147 (N.D. Ill. Aug. 18, 2005), the plaintiff in a CROA case sought to define a class as "all customers who paid a fee to, or were charged by, [the defendant] for the purpose of challenging inaccurate, misleading, or unverifiable negative items on their credit reports . . . ." *Id.* at *2. The court held that the proposed class did not meet the commonality or typicality requirements because the plaintiff sought to include "all consumers," and there was "no attempt to limit the proposed class to [the defendant's] clients who entered the same contract or viewed the same web pages as the plaintiff." *Id.* at *5. The court reasoned in part, "[i]t is entirely possible that members of the proposed class entered into contracts which did not contain any of the CROA violations alleged in plaintiff's complaint." *Id.* at *6.

Benchmark points out that in this case as well, the proposed classes contain no such limitation. Thus, the classes might encompass people who, because they paid Defendants through a different means, did not actually *pre*-pay for credit repair services.

While Plaintiffs' proposed classes are not limited to those who "entered the same contract or viewed the same web pages," they are limited in an equally sufficient way. Unlike the plaintiff in *Iosello*, Plaintiffs here have defined the class to include only those people who have "paid or were charged . . . , *prior to [Defendants] performing any service*

Finally, because Plaintiffs' interests are aligned with other class members, and because Plaintiffs' counsel is well qualified, Plaintiffs meet the adequacy requirement. *In re American Medical Sys.*, 75 F.3d at 1083; *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976) (two criteria for determining adequacy are "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel"). Defendants allege a vast conspiracy against them, in which Plaintiff Asmar and her counsel are scheming to undermine Defendants' businesses. But even assuming this to be true, Defendants give no reason why, in this lawsuit for money damages, such a motive amounts to an "insurmountable conflict." (Br. of Def. Benchmark at 15.)

Having satisfied the requirements of Rule 23(a), Plaintiffs must also satisfy one of the sections under Rule 23(b). Plaintiffs contend that they satisfy Rule 23(b)(3), which requires this Court to find

> that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

---

. . . ." Defendants fail to explain, and the Court cannot see, how such a definition might be overinclusive. The Court therefore finds Defendants' argument unpersuasive.

The particulars of this case weigh heavily in favor of Plaintiffs as to each of these elements. In addition to the considerations discussed above, judicial efficiency, consistency, and the relatively small per-customer damages support class action adjudication of this case. Defendants point to no existing litigation against them. Moreover, while Defendants argue that a class action will "degenerate into many mini-trials on damages" (Br. of Def. Benchmark at 17), there is very little reason to expect such a scenario. CROA damages are clearly spelled out by statute; after a plaintiff has satisfied one of the class definitions, his or her particular facts will be of little or no importance to this case.

This case appears to the Court to be a perfect candidate for class action adjudication. Indeed, CROA envisions just such an approach. *See* 15 U.S.C. § 1679g(2)(B). Being fully advised in the premises, having read the pleadings, and for the reasons set forth above and on the record, the Court hereby GRANTS Plaintiffs' Motion for Class Certification.

In accordance with the above ruling, the Court further orders as follows:

1) Discovery shall commence immediately on the issue of the identification of class members.

2) On or before April 3, 2006, Plaintiffs shall file with the Court and provide to Defendants the proposed notices of class action.

3) Within ten days thereafter, Defendants shall file with the Court any objections to Plaintiffs' proposed notices of class action.

4) On May 9, 2006, at 2:00 p.m., the parties shall appear before the Court for a status conference.

SO ORDERED.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: March 13, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer  
        Case Manager